DUANE ROBERT HONEA AND ROBERT K. HONEA v. J. H. BRADFORD, JR., MARY M. BRADFORD AND BOBBY BRADFORD

No. 7814DC259

(Filed 6 February 1979)

1. **Automobiles § 53.2— child riding mini bike—negligence in failing to stay on right side of road**

    In an action to recover for personal injuries resulting from a collision between minor plaintiff's bicycle and minor defendant's mini bike, the evidence was sufficient for the jury on the issue of minor defendant's negligence in the operation of the mini bike where it tended to show that the accident occurred on the left-hand side of the road; minor defendant turned his mini bike into minor plaintiff's lane; the minor plaintiff moved his bicycle out of his way and minor defendant came over again; and the minor plaintiff moved to the side of the road and was struck by minor defendant's mini bike.

2. **Negligence § 5.1; Parent and Child § 8— mini bike—dangerous instrumentality —liability of parent for injury caused by child**

    In an action to recover for personal injuries resulting from a collision between minor plaintiff's bicycle and minor defendant's mini bike, the evidence was sufficient for the jury to find that the minor defendant's father was negligent in entrusting a dangerous instrumentality to his minor son where it tended to show that the mini bike was a gift from defendant father to the 12-year-old son; the mini bike was a "small motorcycle" with a 49 cc gas-operated engine, an automatic three-speed transmission, and a seat that could carry more than one; defendant was aware that his son was "below average when compared with a normal child"; defendant father showed his son how to operate the bike but had given no instructions in safety or the rules of the road; and although defendant father had told his son not to ride the mini bike in the road, he did not keep the key or lock the bike and the key was left on a cabinet in the house "with no one responsible really."

APPEAL by defendants James and Bobby Bradford from *Gantt, Judge.* Judgment entered 28 October 1977 in District Court, DURHAM County. Heard in the Court of Appeals 11 January 1979.

The minor plaintiff by his guardian ad litem brings this action to recover for his personal injuries allegedly resulting from a collision between plaintiff's bicycle and the minor defendant's mini bike. He also seeks damages from the adult defendants for their negligence in entrusting the mini bike to the minor defendant.

Defendant Bobby Bradford testified that on 10 September 1973, when he was 12 years old, he was riding his Honda Trail 50 motor bike when he collided with the plaintiff. The accident occurred all the way over on the left-hand side of the road. His speed at the time was five to ten miles an hour. "I did apply brakes but did not have time to stop as he weaved over in front of me and I cut over to get away from him, he come back and I did not have time to stop." The motor bike hit the plaintiff's bicycle at the front wheel and plaintiff was thrown to the ground. At the impact plaintiff's mouth hit defendant's head. Bobby's parents knew that he had ridden the bike in the past, but he had never ridden it in a public street in their presence or with their knowledge.

Plaintiff testified that the accident occurred when "Bobby turned over into my lane. I moved out of his way and he came over again. I went off to the side of the road and I got over as far as I could as there was a two foot bank and then he hit me. . . ." Plaintiff's dentist testified that he treated the plaintiff the day after the accident and found that he had eight loose teeth and lacerated gums. Root canal work was done on two of the teeth.

At the close of the plaintiff's evidence a motion for directed verdict was sustained as to the femme defendant. Defendant James Bradford then testified that he had given the bike to his son and told him never to ride it on the street. He showed Bobby how to operate the bike but told him nothing about safety or the rules of the road, and the key was left lying on a cabinet in the house. Bobby "is below average compared to a normal child."

The jury found for the plaintiff and awarded him $3,000. Defendants appeal.

*Powe, Porter, Alphin & Whichard, by N. A. Ciompi, for plaintiff appellees.*

*E. C. Harris for defendant appellants.*

ARNOLD, Judge.

It is the sole contention of each defendant that the trial court erred in failing to grant each defendant's motion for directed verdict and for judgment notwithstanding the verdict.

[1] The minor defendant argues that the only allegations of negligence refer to his use of the motor bike upon a public road in violation of the statutory provisions, and that it has not been proved that Trevor Circle, where the accident occurred, is in fact a public road. This interpretation of the case ignores the allegations of negligence which do not rely on statutory violations or a finding that Trevor Circle is a public street, specifically: (1) failure to keep a proper lookout, (2) failure to keep the motor vehicle under proper control, (3) operating the motor vehicle at excessive speed, (4) failure to take adequate evasive maneuvers in order to avoid colliding with the plaintiff, and (5) operating a motor vehicle with defective brakes. While violation of a statute may be negligence per se, see 9 Strong's N.C. Index 3d, Negligence § 1.3, certainly it is not necessary for one to violate a statute in order to be negligent. "A person who enters upon an active course of conduct is under positive duty to exercise ordinary care to protect others from harm, and a violation of this duty is negligence." *Id.* § 1.1 at 344. In the case at bar, the plaintiff testified: "Bobby turned over into my lane. I moved out of his way and he came over again. I went off to the side of the road and I got over as far as I could as there was a two foot bank and then he hit me. . . ." There is sufficient evidence to support a finding that the defendant was operating his motor bike negligently. Defendant's motions for directed verdict and judgment notwithstanding the verdict were properly denied.

[2] Defendant James Bradford, Bobby's father, also contends that a directed verdict or judgment notwithstanding the verdict should have been granted in his favor. We disagree. While ordinarily a parent is not liable for the torts of his minor child, *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974), a parent may be liable for his independent negligence if he permits his child to possess a dangerous instrumentality or one that becomes dangerous because of a child's immaturity or lack of judgment, such as an automobile, *Taylor v. Stewart*, 172 N.C. 203, 90 S.E. 134 (1916), or a forklift, *Anderson v. Butler, supra.*

In the case before us the evidence, considered as it must be in the light most favorable to the plaintiff, *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47 (1969), shows that the Honda Trail 50, a mini bike, ridden by the minor defendant was a "small motorcycle," with a 49 cc gas-operated engine, an automatic three-speed

transmission, and a seat that could carry more than one. A jury could find that such a vehicle becomes a dangerous instrumentality when entrusted to a child who lacks judgment or is immature.

Moreover, we find that there was sufficient evidence to permit the jury to find that the adult defendant had negligently entrusted the vehicle to his minor son. There is evidence that the motor bike was a gift from defendant to his 12-year-old son, that defendant knew that his son had ridden it many times in the yard, that defendant was aware that his son is "below average compared to a normal child," that defendant had showed his son how to operate the bike but had given him no instructions in safety or the rules of the road, that defendant "did not keep the key or lock the bike" and that the key was left on a cabinet in the house "with no one responsible really." After the collision defendant told the plaintiff's father that "he would not let [Bobby] ride on the street anymore." We find that this is evidence of independent negligence by the adult defendant sufficient to avoid a directed verdict and take the case to the jury.

No error.

Judges PARKER and WEBB concur.