MOLLIE LEVENSTEIN *v*. YALE UNIVERSITY

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE No. 208956
                      NEW HAVEN

Memorandum filed July 31, 1984

124

*Jacobs, Messinger & Pietrosiome,* for the plaintiff.

*Gillooly, McGrail, Carroll & Sheehy,* for the defendant.

AARONSON, J. This case is before the court on the defendant's motion to strike count two of the plaintiff's amended second count of the complaint. The defendant alleges that the amended count fails to state a claim upon which relief may be granted, and that it does not differ substantially from the original count, stricken by this court, *McKeever, J.,* on December 7, 1983.

The plaintiff seeks damages for injuries she allegedly sustained while at a graduation at Yale University. The plaintiff claims she was struck in the eye by the corner of a mortarboard, which was thrown in the air by a graduating student. The second count alleged that the custom of throwing a mortarboard is an activity which, by its nature, creates a risk of physical injury sufficient to hold Yale University strictly liable for any resulting injuries. The court granted the defendant's motion to strike the second count for failure to state a claim for which relief may be granted. The plaintiff filed an amended second count which makes the additional allegation that the guests were seated in an area adjacent to and behind the members of the graduating class. Furthermore, the amended count describes the mortarboards, noting that they have sharp corners. Finally, it alleges that the "throwing of mortarboards, having sharp corners into the air at graduation ceremonies at Saybrook College in close proximity to guests was an inherently dangerous activity," the nature of which Yale had reason to appreciate.

A motion to strike is appropriate to test the legal sufficiency of a cause of action. Practice Book § 152.

The motion admits all well pleaded facts, but not conclusions of law. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982). When considering a motion to strike, the court is limited to the grounds specified in the motion; *Meredith* v. *Police Commission,* 182 Conn. 138, 140, 438 A.2d 27 (1980); and should construe the challenged allegations in the light most favorable to the nonmovant. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 283, 449 A.2d 986 (1982). If facts provable under the allegations would support a cause of action, the motion must fail. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The plaintiff's allegation that the throwing of mortarboards is a dangerous activity states a legal conclusion, and is not admitted by the motion to strike.

Instrumentalities which, by their nature, are calculated to cause injury, are considered dangerous per se. 57 Am. Jur. 2d, Negligence § 109. While some instrumentalities, not inherently dangerous, may be made dangerous by their mode of use; see *Honea* v. *Bradford,* 39 N.C. App. 652, 251 S.E.2d 720 (1979); not every instrumentality which may cause injury if it is used improperly or unskillfully is classified as a dangerous instrumentality. 57 Am. Jur. 2d, Negligence § 110. A mortarboard is neither inherently dangerous nor more likely to cause injury if improperly used than is any other angular object, and therefore is not a dangerous instrumentality.

The doctrine of strict liability for abnormally dangerous activity provides that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." Restatement (Second), Torts § 519 (1). This principle has been recognized

by Connecticut courts. See *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 79 A.2d 591 (1951) (defendant strictly liable for damages caused by blasting with dynamite); *Caporale* v. *C. W. Blakeslee & Sons, Inc.*, 149 Conn. 79, 175 A.2d 561 (1961) (strict liability for damage caused by pile-driver operation).

"To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed." Id., 85. Similar standards are set forth in Restatement (Second), Torts §§ 519, 520.

The courts in Connecticut and other jurisdictions which recognize the doctrine of strict liability for dangerous activities, impose it only in narrow circumstances. Typically, it has been found applicable when an activity, not regularly engaged in by the general public, is conducted in or near a heavily populated area, such that it necessarily subjects vast numbers of persons to potentially serious injury in the event of a mishap. Such activities include storing quantities of water or explosives in an unsuitable or dangerous place, maintaining inflammable liquids in quantity in the midst of a city, blasting in the midst of a city, pile driving with abnormal risk to surroundings, releasing poisonous gas or dust, and drilling oil wells or operating refineries in a thickly settled area. See *Whitman Hotel Corporation* v. *Elliot & Watrous Engineering Co.*, supra; *Caporale* v. *C. W. Blakeslee & Sons, Inc.*, supra; see also Restatement (Second), Torts § 519, Reporter's notes and cases cited therein. The risks posed by a thrown mortarboard are not comparable in scope or

effect to those posed by any of the above activities, and in fact are no greater than the risk created when any angular or stiff object is thrown.

The risk of probable injury resulting from throwing a mortarboard in close proximity to guests at Saybrook College is not of such a degree as to make the activity intrinsically dangerous. The allegations of the second count, therefore, do not set forth a claim in strict liability pursuant to *Caporale,* and the count is stricken.