[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has filed a motion to strike. The following facts are not in dispute. This action was commended by plaintiff, Barbara J. Duncan, who alleges that, on or about November 13, 1988 at about 5:29 a.m., she was travelling on Burnside Avenue in the Town of East Hartford when she drove from the road surface in an attempt to avoid a dog and then hit a utility pole, colliding with a stationary concrete trash container. The trash container was allegedly to have been located in an area between the sidewalk and the roadway on the north side of Burnside Avenue.
Count I of the revised complaint is directed against the Town of East Hartford and Town of East Hartford Public Works Department. Count I alleges that the concrete trash container was placed and anchored to the ground "close" to the traveled portion of the public highway. Count I further alleges that the defendant placed the container close to the curb. This is not a claim pursuant to the defective highway statute. CT Page 1639
Count II of the revised complaint is directed to William Kennedy, the Town of East Hartford Director of Public Works. Count II alleges that William Kennedy, acting in the course of his employment with the town, authorized the anchoring of the trash container to the ground, failed to take adequate steps to inspect the safety of the area, and failed to reasonably carry out his duties of supervision and inspection. Count II further alleges that the aforementioned failures of omissions cumulatively resulted in the creation of a nuisance.
The defendants, Town of East Hartford, Town of East Hartford Public Works Department and William Kennedy, on November 18, 1991 filed a motion to strike counts I and II of the plaintiff's revised complaint filed July 19, 1991, pursuant to Practice Book as amended, as both of these counts fail to state a claim upon which relief can be granted.
Plaintiff argues that plaintiff's nuisance count I against the defendant is barred by General Statutes 52-557n. Plaintiffs argue that count II, brought pursuant to General Statutes 19a-335, does not create a cause of action for damages for personal injuries.
The issue raised is whether the plaintiff's revised complaint states a claim upon which relief can be granted. The court concludes that Count I of the revised complaint does state a claim upon which relief can be granted. However, Count II of the revised complaint does not state a claim upon which relief can be granted.
A motion to strike is the proper vehicle with which to challenge the legal sufficiency of claims contained within the pleading, i.e., it is the proper vehicle to raise and dispose of questions of law prior to trial. Ferryman v. Groton, 212 Conn. 138,142 561 A.2d 438 (1989). The motion to strike is governed by Practice Book 151 through 158.
Practice Book 152 provides, in pertinent part, that a party may file a motion to strike whenever that party "wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Id. "A motion to strike is appropriate to test the legal sufficiency of a cause of action. Practice Book 152. The motion admits all will plead facts, but not conclusions of law. Verdon v. Trans-America, Ins. Co., 187 Conn. 363, 365446 A.2d 3 (1982). When considering a motion to strike, the court is limited to the grounds specified in the motion; Merideth v. Police Commission, 182 Conn. 138, 140 438 A.2d 27 (1980); and should construe the challenged allegations in the light most CT Page 1640 favorable to the nonmovant. Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 49 A.2d 986 (1982). If facts provable under the allegations would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980)." Levenstein v. Yale University, 40 Conn. Sup. 123, 124-125, 482 A.2d 724 (1984), Aaronson, J.). See also Ferryman v. Groton, supra, 142.
Also, "[i]f a count in a complaint purports to sec out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the cause of action pleaded." (Citation omitted.) Wachel v. Rosol,159 Conn. 496, 499, 271 A.2d 84 (1970). Note further that when a motion to strike admits all facts well pleaded, this "include[s] facts necessarily implied from the other averments." (Citation omitted.) Id., 500 (allegation that contaminated sandwich "reached the plaintiff without change in the condition in which it was sold" held sufficient to state a cause of action in strict tort products liability and to defeat demurrer).
Count I of plaintiff's revised complaint cannot be stricken because General Statutes 52-557n does provide for a cause of action against a political subdivision of the state or an employee of the subdivision of the state who creates a risk of injury. General Statutes 52-557n provides in relevant part: "(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by; (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section13a-149. . . ." (General Statutes 52-557n.) It is noted that the plaintiff has not brought this action pursuant to the defective highway statute. The plaintiff has pled sufficient facts, as set forth in count I of the revised complaint, to sustain a cause of action under General Statutes 52-557n.
However, plaintiff's nuisance count (count II) against William Kennedy pursuant to General Statutes 19a-335 fails to state a cause of action. Count II of plaintiff's revised complaint must be stricken because General Statutes 19a-335
does not create a cause of action for negligence nor damages for personal injury.
General Statutes 19-335 prohibits a person from placing an obstruction in a highway and makes the same an offense CT Page 1641 punishable by a $50 fine and court ordered removal of the obstruction. The allegations as to William Kennedy do not state a cause of action pursuant to General Statutes 19a-335. General Statutes 19a-335 does not create a cause of action for the alleged negligence of a town employee. Nor does General Statutes 19-335 create a cause of action for damages. Furthermore, General Statutes 19a-335 expressly provides that "[i]f any person places, anything or permits anything to remain, obstructed or endangered or the highway encumbered, the same shall be a common nuisance." (General Statutes 19a-335). The plaintiff's revised complaint alleges that the trash container was anchored in an area between the sidewalk and the roadway and that the plaintiff was injured when she drove off the road surface and struck a utility pole and then the trash container. Based upon these allegations, the plaintiff has failed to allege sufficient facts to bring this action within the language of General Statute 19a-335.
For these reasons, the Motion to Strike Count II of plaintiff's revised complaint is granted; the Motion to Strike Count I is denied.
SCHALLER, J.