[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are not in dispute. The plaintiff, Polymetrics, Inc., alleges that it sustained property damage on or about August 21, 1989 when the co-defendant, Chemical Leaman Tank Line, Inc., delivered a truckload of hydrochloric acid to the plaintiff's business. Plaintiff further alleges that the damage was caused by the negligence and/or carelessness of the agent, servant and/or representative of the co-defendant. Prior CT Page 1936 to the date of the accident, the plaintiff had contracted with the defendant for the furnishing of hydrochloric acid under a blanket purchase order for delivery in the calendar year of 1991 when so ordered by the plaintiff. The plaintiff ordered hydrochloric acid from the defendant prior to the accident date. The defendant in turn contracted with co-defendant, Essex Chemical Company now known as Peridot, to fill said order, who in turn contracted with co-defendant Chemical Leaman Tank Line, Inc., to deliver said order of hydrochloric acid.
The plaintiff's claims against the defendant appear in the second count (negligence), fourth count (strict liability for inherently dangerous activity) and the sixth count (breach of warranty). The defendant now moves to strike the fourth count of the complaint on the grounds that the courts in the State of Connecticut have not extended the doctrine of strict liability for inherently dangerous activities to the delivery or sale of hydrochloric acid.
The motion to strike is the proper vehicle with which to challenge the legal sufficiency of claims contained within the pleading i.e., it is the vehicle to utilize to raise and dispose of questions of law prior to trial. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 438 (1989). The motion to strike is governed by Practice Book 151 through 158.
Practice Book 152 provides, in pertinent part, that a party may file a motion to strike whenever that party "wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . ." Id. "A motion to strike is appropriate to test the legal sufficiency of a cause of action. Practice Book 152. The motion admits all well plead facts, but not conclusions of law. Verdon v. Trans-America, Ins. Co.,187 Conn. 363, 365, 446 A.2d 3 (1982). When considering a motion to strike, the court is limited to the grounds specified in the motion; Merideth v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980); and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 49 A.2d 986 (1982). If facts provable under the allegations would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980)." Levenstein v. Yale University, 40 Conn. Sup. 123, 124-125,482 A.2d 724 (1984, Aronson, J.). See also Ferryman v. Groton, supra, 142.
Also, "[i]f a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the CT Page 1937 entire count fails if it does not reach all of the cause of action pleaded." (Citation omitted.) Wachel v. Rosol,159 Conn. 496, 499, 271 A.2d 84 (1970). Further, when a motion to strike admits all facts well pleaded, this "include[s] facts necessarily implied from the other averments." (Citation omitted.) Id., 500 (allegation that contaminated sandwich "reached the plaintiff without change in the condition in which it was sold" held sufficient to state a cause of action in strict tort products liability and to defeat demurrer).
The defendant moves to strike the fourth count of the complaint which alleges that transferring and loading of hydrochloric acid is an inherently dangerous activity. Evidence must be presented to the court in order for the court to form a reasonable basis of opinion as to whether or not said allegation is true.
The court in Green v. Ensign-Bickford Co., 25 Conn. App. 479, A.2d (1991), stated:
 The factors for a court to consider in determining whether an activity is abnormally dangerous are listed in 520 of the Restatement as: "(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which the value to the community is outweighed by its dangerous attributes." 3 Restatement (Second) Torts 520.
Green, supra, 486.
The motion to strike is denied because there are mixed questions of fact and law.
BURNS, JUDGE