[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
By the Amended Complaint dated November 26, 1991, the plaintiff, Sheila Sullivan, commenced a nine-count action against the defendants, Westinghouse Electric Corp., Schindler Elevator Corporation, The Hartford Steam Boiler Inspection and Insurance Company and One State Street Limited Partnership for injuries she allegedly sustained in an elevator located in the Hartford Steam Boiler Building when the elevator doors closed on her. In counts one, two and three of the amended complaint, the plaintiff asserts against Westinghouse a claim pursuant to Connecticut's Product Liability Statute, General Statutes52-572m et seq., a claim for recklessness and a claim of negligence and for Res Ipsa Loquitur. Counts eight and nine of the amended complaint are directed against Schindler and respectively assert claims for negligence and for Res Ipsa Loquitur.
Defendant Westinghouse and Schindler move to strike the third and ninth counts of the amended complaint on the basis that Res Ipsa Loquitur does not constitute a proper cause of action. Furthermore, the defendants argue that General Statutes52-572m et seq. is the exclusive remedy for a plaintiff asserting a product liability claim and that the plaintiff's common law claim of negligence against Westinghouse must be stricken.
The motion to strike is the proper vehicle with which to challenge the legal sufficiency of claims contained within the pleading i.e., it is the vehicle to utilize to raise and dispose of questions of law prior to trial. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 438 (1989). The motion to strike is governed by Practice Book 151 through 158.
Practice Book 152 provides, in pertinent part, that a party may file a motion to strike whenever that party "wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be CT Page 2107 granted . . . ." Id. "A motion to strike is appropriate to test the legal sufficiently of a cause of action. Practice Book 152. The motion admits all well pled facts, but not conclusions of law. Verdon v. Trans-America, Ins. Co.,182 Conn. 138, 140, 438 A.2d 27 (1980); and should construe the challenged allegations in the light most favorable to the nonmovant. Cavallo v. Derby Savings Bank, 188 Conn. 281, 28349 A.2d 986 (1982). If facts provable under the allegations would support a cause of action, the motion must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980)." Levenstein v. Yale University,40 Conn. Sup. 123, 124-125, 482 A.2d 724 (1984, Aronson, J.) See also Ferryman v. Groton, supra, 142.
Also, "[i]f a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the cause of action pleaded." (Citation omitted.) Wachel v. Rosol,159 Conn. 496, 499, 271 A.2d 84 (1970). When a motion to strike admits all fact well pleaded, this "include[s] facts necessarily implied from the other averments." (Citation omitted.) Id., 500 (allegation that contaminated sandwich "reached the plaintiff without change in the condition in which it was sold" held sufficient to state a cause of action in strict tort products liability and to defeat demurrer).
At the hearing, the plaintiff indicated no objection to striking the third count alleging negligence. That, of course, recognizes the pertinent law. Daily v. New Britain Machine Co.,200 Conn. 562, 582 A.2d 893 (1986).
For that reason, the motion to strike the third count of the amended complaint against Westinghouse is granted.
The motion to strike the ninth count of the amended complaint cannot properly be granted, however. The ninth count is based on a negligence theory. In the ninth count of the amended complaint, the plaintiff simply puts the defendant on notice of the plaintiff's intent to use the doctrine of Res Ipsa Loquitur to establish negligence.
Accordingly, the motion to strike the ninth count of the amended complaint is denied, while the motion is granted as to the third count.
SCHALLER, J.