[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #122 AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT #123
The plaintiff alleges the following facts in its amended complaint. On April 17, 1995, the plaintiff, the City of Bridgeport (Bridgeport), was installing a sewer line in Admiral Street when the appearance of petroleum complicated the construction. Three years later on April 17, 1998, the plaintiff commenced an action against Santa Fuel, Inc. In that suit, the plaintiff alleged that Santa Fuel caused petroleum contamination in the soil and groundwater and that this contamination halted the plaintiff's construction of the underground sewer line. On August 13, 1998, the court, Skolnick, J., granted Santa Fuel's motion to dismiss on the ground that the plaintiff had sued the wrong party.Bridgeport v. Santa Fuel, Inc., Superior Court, judicial district of CT Page 2519 Fairfield at Bridgeport, Docket No. 352768 (August 13, 1998, Skolnick,J.).
On September 24, 1998, the plaintiff commenced the present case against the defendants Santa Fuel, Inc., Admiral Associates[1], and Inland Fuel Terminals, Inc. (Inland Fuel).[2] On December 9, 1998, the plaintiff filed an amended complaint in which it alleges causes of action against the defendants for negligence (count one), negligence per se in violation of General Statutes §§ 22a-427 and 22a-430 (count two), nuisance (count three), trespass (count four), liability pursuant to General Statute § 22a-452 (count five), liability pursuant to General Statute § 22a-16, strict liability tort (count seven) and common law indemnification (count eight). On October 13, 1998, the plaintiff withdrew its claims against Santa Fuel, Inc. On December 3, 1999, Inland Fuel filed its answer and special defenses. In its special defenses, Inland Fuel alleges that the plaintiff's causes of action are barred by the applicable statute of limitations. On March 3, 2000, the plaintiff, filed a reply in which it generally denied Inland Fuel's special defenses without specifically pleading that any statue saved its cause of action from being barred by limitations.
On September 1, 2000, Inland Fuel filed its motion for summary judgment. Inland Fuel asserts that it is entitled to summary judgment on the ground that the plaintiff's causes of action are barred by the applicable statutes of limitations. In addition, Inland Fuel contends that it is entitled to summary judgment as to the plaintiff's claim for strict liability on the ground that it was not engaged in an ultrahazardous activity. The plaintiff opposes the motion on the basis that the savings statute, General Statute § 52-593,[3] saves its causes of action from the bar of limitations. The plaintiff also asserts that Inland Fuel was engaged in an ultrahazardous activity.
Inland Fuel's motion is based on the same arguments that Admiral Associates, LLC advanced in a related case, Bridgeport v. AdmiralAssociates, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358277. In that case, which is based on the same facts as the present case, the plaintiff asserts the same eight causes of action against Admiral Associates, LLC. Admiral Associates, LLC also filed special defenses asserting that the plaintiff's causes of action were barred by the applicable statute of limitations, and the plaintiff, as it did in this case, filed a reply in which it generally denied the special defenses. Admiral Associates, LLC, then filed a motion for summary judgment on the ground that all of the plaintiff's claims were barred by the applicable statutes of limitations. As in this case, the plaintiff opposed summary judgment on the ground that § 52-593 saved its action from being time-barred. CT Page 2520
On February 7, 2001, the court, Moran, J., issued a memorandum of decision on Admiral Associates LLC's motion for summary judgment.Bridgeport v. Admiral Associates, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358277 (February 7, 2001, Moran,J.). Procedurally, the court determined that the plaintiff was not prohibited from relying on the saving provision of § 52-593 despite its failure to specifically plead the statute in its reply. In addition, the court ruled that § 52-593 saved the plaintiff's claims for nuisance, trespass, violations of §§ 22a-452 and 22a-16, and common law indemnification from being barred by the applicable statutes of limitations. The court also ruled, however, that § 52-593 could not save the plaintiff's negligence claims from being time-barred because the plaintiff did not bring these claims in a timely manner in the initial action. As to the plaintiff's claim for strict liability in tort, the court noted that the parties stipulated that the court should grant summary judgment as to this claim. Accordingly, the court did so.
The parties recognize that both cases arise from the same facts and that the plaintiff asserts the same causes of action in both cases. Both the plaintiff and Inland Fuel argue that the court's decision inBridgeport v. Admiral Associates, LLC should be followed in part. Inland Fuel filed a supplemental motion for summary judgment in which it argues that this court should adopt the decision in Bridgeport v. AdmiralAssociates, LLC and grant summary judgment as to counts one, two and seven. Inland Fuel also asserts that it is entitled to summary judgment on the remaining counts because § 52-593 is not available to the plaintiff. The plaintiff argues that this court should adopt the decision in Bridgeport v. Admiral Associates, LLC in part and deny summary judgment as to counts three, four, five, six, and eight. As to counts one and two, the plaintiff contends that the court should deny summary judgment because these claims are not barred by the applicable statute of limitations. The plaintiff contends that this court should deny summary judgment as to count seven because the parties did not stipulate to such a ruling as they did in Bridgeport v. Admiral Associates, LLC.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . and the party opposing such a motion must provide an CT Page 2521 evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted).Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378, 260 A.2d 596 (1969).
After examining the record, briefs and the relevant authority, the court concludes that, except as to count seven, it should adopt the reasoning of the court in its decision on Admiral Associates, LLC's motion for summary judgment in Bridgeport v. Admiral Associates, LLC. Accordingly, the plaintiff may rely on § 52-593 even though the plaintiff failed to specially plead the saving statute in its reply to Inland Fuel's special defenses. Although special pleading is the preferred practice, the failure to do so is not fatal. Bridgeport v.Admiral Associates, LLC, supra, Superior Court, Docket No. 358277. Moreover, in this case as in Bridgeport v. Admiral Associates, LLC, the defendant has not offered any evidence that it will be prejudiced or that the plaintiff misled or took advantage of it in relying on § 52-593. In addition, the plaintiff raised the savings statute in January 20, 1998, in its opposition to the defendants' motion to strike. Therefore, Inland Fuel cannot claim it has been unfairly surprised by the plaintiff's reliance on the statute.
Furthermore, as to the plaintiff's causes of action for nuisance, trespass, violations of §§ 22a-452 and 22a-11 in counts three, four, five, six and eight, the plaintiff timely commenced its original action and that pursuant to § 52-593, these counts are not barred by the applicable statute of limitations. As to the plaintiff's causes of action for negligence in counts one and two, because the actions stated therein were not timely commenced in the plaintiff's original action, the plaintiff cannot rely on § 52-593. Therefore, Inland Fuel's motion for summary judgment as to counts four, five, six and eight are denied and the motion as to counts one and two is granted.
In count seven, which is titled "strict liability tort," the plaintiff alleges that the defendants handled and stored petroleum and related products on its properties. The plaintiff alleges that the circumstances and conditions under which the defendant engaged in these activities risked probable injury to the property of others and that the defendant's activities were therefore intrinsically and abnormally dangerous. In its initial motion for summary judgment, Inland Fuel contends that summary judgment should be granted as to this count because its activities do not qualify as ultrahazardous or abnormally dangerous as a matter of law. In CT Page 2522 its supplemental motion for summary judgment, Inland Fuel notes that the plaintiff agreed that this cause of action was not applicable inBridgeport v. Admiral Associates, LLC and contends that this agreement should apply to this case. In opposition, the plaintiff contends that Inland Fuel's activities do qualify for a claim of strict liability and does not agree to extend the stipulation it made in Bridgeport v. AdmiralAssociates, LLC to this case due to the distinctive status of the defendants. According to the plaintiff, the defendant in Bridgeport v.Admiral Associates, LLC, owned the property, while the defendant in this case, Inland Fuel, actually operates the fuel terminal on the property. Inland Fuel does not contest the plaintiff's characterization of the status of the defendants. Accordingly, the court denies Inland Fuel's request to extend the plaintiff's stipulation in Bridgeport v. AdmiralAssociates, LLC to this case.
As to Inland Fuel's substantive argument on this count, Connecticut does recognize that a party may be held strictly liable for "ultrahazardous activities." Strict liability for such activities is "applicable when an activity, not regularly engaged in by the general public, is conducted in or near a heavily populated area, such that it necessarily subjects vast numbers of persons to potentially serious injury in the event of a mishap." Levenstein v. Yale University,40 Conn. Sup. 123, 126, 482 A.2d 724 (1984). Imposition of strict liability for an abnormally dangerous activity mandates that certain factors exist: "an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed." Caporale v. C. W.Blakeslee Sons, Inc., 149 Conn. 79, 85, 175 A.2d 561 (1961). "The courts in Connecticut and other jurisdictions which recognize the doctrine of strict liability for dangerous activities, impose it only in narrow circumstances." Levenstein v. Yale University, supra,40 Conn. Sup. 126. Traditionally, strict liability for ultrahazardous activity has been applied solely in the context of blasting and explosives; Whitman Hotel Corp. v. Elliott Watrous Engineering Co.,137 Conn. 562, 79 A.2d 591 (1951); and was later extended to pile driving; Caporale v. C. W. Blakeslee Sons, Inc., supra, 149 Conn. 85; and research experiments involving highly volatile chemicals. Green v.Ensign-Bickford Co., 25 Conn. App. 479, 482-83, 595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991).
Neither Connecticut's Supreme Court nor its Appellate Court has ruled on whether the storage of hazardous materials constitutes an abnormally dangerous or ultrahazardous activity for the imposition of strict CT Page 2523 liability. There is a split of authority among the judges of the Superior Court as to whether the storage of gasoline in underground tanks and pumps is an abnormally dangerous activity where gasoline has leaked and contaminated neighboring property and water supplies. Some Superior Court cases have found that such activity warrants the claim of strict liability. See Southern New England Telephone Co. v. Clifford, Superior Court, judicial district of Litchfield, Docket No. 057131 (December 10, 1991, Pickett, J.) (5 Conn.L.Rptr. 331, 331-32); Michael v. Kenyon OilCo., Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 344098 (March 22, 1989, O'Connor, J.) (4 C.S.C.R. 337, 339).
Other Superior Court cases have found that the storage of gasoline in underground tanks and pumps is not abnormally dangerous and therefore a strict liability claim was not warranted. See Goodrich v. Jennings, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150074 (May 22, 1997, Mintz, J.) (19 Conn.L.Rptr. 542; 543-44);Burns v. Lehigh, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 342600 (July 12, 1988, Hennessey, J.) (3 C.S.C.R. 722); Putnam v. County Environmental Services, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 166445 (July 21, 2000, D Andrea, J.) (27 Conn.L.Rptr. 684). Similarly, in construing Connecticut law, some judges of the federal district court have found that the storage of hazardous wastes and toxic solvents, which were released into the environment, was not an abnormally dangerous activity. See Arawana Mills Co. v. United Technologies Corp.,795 F. Sup. 1238, 1251 (D. Conn. 1992); Nielsen v. Sioux Tools, Inc.,870 F. Sup. 435, 442 (D. Conn. 1994).
Still other decisions, distinguishing between the disposal of hazardous materials and the storage of such materials, have held that mere storage does not constitute an ultrahazardous activity without allegations that the corrosive properties or the gaseous nature of the materials makes them unable to be safely stored and reasonably handled without leaking or escaping into the environment. See Connecticut Water Co. v. Thomaston, Superior Court, judicial district of Hartford at Hartford, Docket No. 535590 (March 4, 1996, Corradino, J.) (16 Conn.L.Rptr. 213, 216-17);Skelton v. Chemical Leaman Tank Lines, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 359236 (May 13, 1996,Corradino, J.) (17 Conn.L.Rptr. 56, 57-58).
In Green v. Ensign-Bickford Co., supra, 25 Conn. App. 486, the court observed that "the factors for a court to consider in determining whether an activity is abnormally dangerous are listed in § 520 of the Restatement [Torts] as: `(a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the CT Page 2524 harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes.' 3 Restatement (Second), Torts § 520." As noted by the court, "Comment (f) to § 520 provides: `In determining whether the danger is abnormal, the factors listed in Clauses (a) to (f) of this Section are all to be considered, and are all of importance. Any one of them is not necessarily sufficient of itself in a particular case, and ordinarily several of them will be required for strict liability. On the other hand it is not necessary thateach of them be present, especially if others weigh heavily.'" (Emphasis in original.) Green v. Ensign-Bickford Co., supra, 25 Conn. App. 486.
Thus, the court should consider the six factors listed in Green v.Ensign-Bickford Co., supra, 25 Conn. App. 486. First, it is commonly known that petroleum can pollute groundwater, and can ignite and explode, thus the storage and handling of this product involve a high degree of risk of some harm. Second, the likelihood that the resulting harm would be great is known. The possibility of petroleum contamination in the groundwater or explosions implies serious harm.
As to the third factor, the inability to eliminate the risk by the exercise of reasonable care, "Connecticut has enacted a series of statutes and regulations controlling the sale and storage of flammable and combustible liquids, liquified petroleum gases, fuel, gas, and other such supplies." Daum v. Stamford Propane, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139456 (September 29, 2000, Tierney, J.). In this case, the parties have not submitted sufficient evidence regarding this legislation and other safety procedures for the court to determine that there is no material issue as to this factor. Fourth, the storage and handling of petroleum are matters of common usage. "It is common knowledge that petroleum gas is used extensively for the heating of recreational vehicles, small dwelling units, portions of larger dwelling units, outdoor grills and for business and industrial purposes." Id. Thus the fourth factor is established.
As to the fifth factor, the parties have not provided evidence of appropriateness of the activity to the place where it was carried on. Therefore, there is a material issue as to this factor. Sixth, the parties have not provided the court with evidence regarding the value to the community of the storage and handling of petroleum weighed against the dangerous attributes of such activities. Therefore, there is a material issue as to this factor.
The court concludes that it does not have sufficient information to CT Page 2525 make a determination as to whether the storage and handling of petroleum and petroleum distillates are ultrahazardous activities. Accordingly, Inland Fuel's motion for summary judgment as to count seven is denied, as the issue of whether the storage and handling of petroleum and petroleum distillates should be denominated as "ultrahazardous activity should await evidentiary proof at trial.
Accordingly, Inland Fuel's motion for summary judgment as to counts one and two are granted and the motion as to counts three through eight is denied.
BY THE COURT
Skolnick, Judge