JACK WACHTEL *v.* DOROTHY ROSOL

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued May 7—decided June 16, 1970

*Lee G. Kuckro,* with whom, on the brief, were *Leon RisCassi* and *William R. Davis,* for the appellant (plaintiff).

*A. Ned Rogin,* with whom, on the brief, was *Jerome E. Caplan,* for the appellee (defendant).

ALCORN, C. J. The only issue on this appeal is the correctness of the trial court's action in sustaining a demurrer to the second count of the plaintiff's complaint.

The plaintiff, alleging that he had been made violently ill by eating an egg salad sandwich which was

contaminated by salmonella bacteria and which he had purchased and eaten in the defendant's restaurant, sought damages in a complaint containing two counts. The first count sounds in breach of implied warranty of merchantability. In the second count, which is entitled "Strict Liability", the plaintiff alleges that, at about noon on a specified date, he entered a restaurant owned and operated by the defendant and ordered an egg salad sandwich for immediate consumption; that the sandwich was served to him by an employee of the defendant; that he ate it and, as a result, became violently ill with attendant physical consequences requiring extended hospitalization because the sandwich was contaminated with salmonella bacteria. It is then alleged that "[t]he defendant was engaged in the business of selling such sandwiches[1] and said sandwich reached the plaintiff without change in the condition in which it was sold" and that "[s]aid sandwich was in a defective condition and was unreasonably dangerous to the plaintiff consumer." Finally, it is alleged that "[a]s a further result of the carelessness and negligence of the defendant" the plaintiff incurred expense and that he was, and will be, unable to pursue his normal course of employment, thereby sustaining further financial loss.

The defendant demurred to the second count of the complaint "because it fails to state a cause of action upon which relief can be granted." The court sustained the demurrer on the ground that the case law in Connecticut does not, at this time, extend

[1] We refrain from reading the plaintiff's allegation literally as asserting that the defendant was engaged in the business of selling contaminated sandwiches, but will treat the quoted language as intending to say that she was engaged in the business of selling sandwiches or egg salad sandwiches.

the rule in § 402 A of the Restatement (Second) of Torts, volume 2, to food served under the circumstances alleged. The plaintiff failed to plead over, and has appealed from the judgment rendered for the defendant on the second count.

The demurrer is defective under General Statutes § 52-92 and Practice Book § 107 in that it fails to specify the reason or reasons why the second count is insufficient.

The complaint, also, is not carefully drawn. The allegation is that the plaintiff's illness with its physical consequences resulted from eating the contaminated sandwich sold to him under the circumstances described but that his further financial loss was a result of the carelessness and negligence of the defendant. Claims for damages based upon both negligence and strict liability would appear to be ineptly conjoined. If a count in a complaint purports to set out more than one cause of action, a demurrer addressed to the entire count fails if it does not reach all of the causes of action pleaded. Practice Book § 106; *Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199. The parties and the trial court have, however, treated the demurrer as a valid attack on a count intended to set forth a cause of action based on the doctrine of strict tort products liability, and we have decided to consider the issue as argued and briefed.

In two recent cases, we have approved the rule of strict products liability in tort as set forth in § 402 A of volume 2 of the Restatement (Second) of Torts. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 559, 227 A.2d 418; *Garthwait* v. *Burgio,* 153 Conn. 284, 289, 216 A.2d 189. The rule as set forth in the Restatement and in those cases is as follows: "Special Liability of Seller of Product for

Physical Harm to User or Consumer (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

In testing the second count of the complaint on this demurrer, we are concerned with the allegations necessary to state a cause of action under the rule. *Rossignol* v. *Danbury School of Aeronautics, Inc.*, supra, 561. In the *Rossignol* case (p. 562), and in *Guglielmo* v. *Klausner Supply Co.*, 158 Conn. 308, 316, 259 A.2d 608, we stated that the plaintiff must allege and prove "that the product was expected to and did reach the user or consumer without substantial change in the condition in which it was sold." In the present case, however, the allegation is that the "sandwich reached the plaintiff without change in the condition in which it was sold."

Under our practice the complaint must allege facts which constitute a recognizable cause of action. The complaint is tested on demurrer by the facts provable under its allegations. *Benson* v. *Housing Authority*, 145 Conn. 196, 199, 140 A.2d 320. The demurrer admits all facts well pleaded, including facts necessarily implied from the other averments. *Wexler Construction Co.* v. *Housing Authority*, 144

Conn. 187, 193, 128 A.2d 540; *Hardy* v. *Scott,* 127 Conn. 722, 723, 19 A.2d 420; *Lord* v. *Russell,* 64 Conn. 86, 87, 29 A. 242. The question, then, is whether the plaintiff has alleged facts from which it can be inferred that the sandwich "was expected to" reach the plaintiff without "substantial" change in the condition in which it was sold. The sale of a sandwich, by a restaurateur, on the premises, to a customer, for immediate consumption, which is the substance of the allegations made, carries the necessary implication that the sandwich was expected to reach the customer without substantial change in the condition in which it was sold. The allegations of the count sufficiently stated a cause of action for strict tort products liability.

The defendant raises no issue over the sufficiency of the allegations in the second count, but we have considered it pertinent to discuss them because of the statements which we have alluded to in the *Guglielmo* and *Rossignol* cases. Instead, the defendant argues that no cause of action exists, or should exist, in Connecticut founded on strict tort products liability under the circumstances alleged. It is true, as the trial court indicated, that we have not heretofore decided the specific point. We have, however, adopted § 402 A of the Restatement, and the rule there announced applies to "any product in a defective condition unreasonably dangerous to the user or consumer or to his property." We believe that the sandwich in this case falls within the meaning of "any product", and we note that comment d under § 402 A declares that "[t]he rule stated in this Section is not limited to the sale of food for human consumption, or other products for intimate bodily use, although it would obviously include them." This court alluded, in *Hamon* v. *Digliani,* 148 Conn. 710,

713, 174 A.2d 294, to the trend toward stricter liability in the sale of food. We find nothing in the many comments under § 402 A or in general discussions of the subject of strict tort products liability to persuade us that a cause of action should not lie under the circumstances here involved.[2]

The defendant argues that the imposition of strict liability under the circumstances alleged would seriously disadvantage a restaurateur because suit could be delayed under our applicable Statute of Limitations for as much as three years (General Statutes § 52-577), that § 402 A (2) (a) eliminates the defense of reasonable care in the preparation of the food, and that a defendant would find it difficult or impossible to seek recovery from his supplier for allegedly spoiled food. The argument would apply equally to the sale of any defective and unreasonably dangerous product and is, therefore, an argument against the adoption of § 402 A in its entirety rather than an argument against its application in a case such as the present.

The defendant also argues that § 402 A should not afford a basis for relief where there exists privity between buyer and seller on which an action for breach of warranty may be founded. We are not persuaded that a seller should be strictly liable to a stranger to the sale but not be strictly liable to the buyer.

For basically the same reason, we disagree with

[2] See Prosser, "The Assault upon the Citadel (Strict Liability to the Consumer)," 69 Yale L.J. 1099; Prosser, "The Fall of the Citadel (Strict Liability to the Consumer)," 50 Minn. L. Rev. 791; Shanker, "Strict Tort Theory of Products Liability and the Uniform Commercial Code," 17 W. Res. L. Rev. 5; 1 Hursh, American Law of Products Liability §§ 5A:1—5A:3 (Sup. 1969); 2 Harper & James, Torts §§ 28.15, 28.16; "Products Liability in Connecticut—A Survey," 40 Conn. B.J. 155, 223.

the defendant's final argument that, since the General Assembly has continued to provide a remedy for breach of warranty to the purchaser under General Statutes § 42a-2-314, or to any member of his family or household under General Statutes § 42a-2-318, without giving recognition to § 402 A of the Restatement, it has indicated that the rule of strict tort products liability should not apply where the injured person was the purchaser or a member of the purchaser's family or household. We find nothing in the action of the General Assembly to indicate such an intention.

The arguments advanced by the defendant, in sum, amount to the proposition that this court should not have adopted the rule of § 402 A of the Restatement, and with this we cannot agree.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer to the second count.

In this opinion the other judges concurred.