[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kevin Parkhurst, a licensed electrician, alleges that he has performed work on the defendant William Ugolik's residence and that the defendant owes Parkhurst approximately $9,000.00 for the performance of this work. The defendant has filed a special defense alleging that the plaintiff cannot recover because he failed to comply with20-429 of the General Statutes requiring a written agreement for a home improvement contract to be enforceable. The plaintiff moves to strike the defendant's counterclaim and special defense by claiming that the provisions of the Home Improvement Act do not apply to licensed electricians.
Connecticut General Statutes 20-419(4) provides as follows
(4) "Home improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, CT Page 3650 in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. "Home improvement" does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises.
Conn. Gen. Stat. 20-419(4) (emphasis added).
The statute does not clearly state whether the work of a licensed electrician can be properly classified as a home improvement. However, under the broad language of the above-quoted statute such electrical work would seem to fall within the realm of a home improvement. This conclusion is made more compelling where the legislature specifically provided for exceptions to the definition of home improvement and electrical work was not among these exceptions. Conn. Gen. Stat. 20-419(4). Courts cannot, by construction, read into legislation provisions that are not clearly stated. Caulkins v. Petrillo, 200 Conn. 713, 718 (1986). Moreover, courts should not imply exceptions to a statute which the legislature did not prescribe by word or implication. Id. at 719. Therefore, electrical work is subject to the provisions of 20-429.
The plaintiff argues that Public Act 90-233, which took effect on October 1, 1990, specifically exempts licensed electricians from the provisions of the Home Improvement Act. However, the work alleged in the complaint occurred prior to the effective date of the Public act. More importantly, legislation affecting substantive rights, such as these involved here, is intended to operate prospectively. Enfield Federal Savings Loan Assn. v. Bissell, 184 Conn. 569, 571 (1981). Therefore, the provisions of the Home Improvement Act cannot be said to exclude the activities of a licensed electrician.
The defendant's one count counterclaim, which the plaintiff also seeks to strike, states a cause of action based on the plaintiff's failure to comply with Section 20-429 and his negligent and unworkmanlike performance. A motion to strike addressed to a count in a complaint fails if it does not reach all causes of action pleaded therein. Wachtel v. Rosol, 159 Conn. 496, 499 (1970). Since the motion to strike the counterclaim does not address the allegation of negligence, the counterclaim must stand. See Id. at 496; Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 553 (1967).
Accordingly, the motion to strike is denied. CT Page 3651
PICKETT, J.