[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
Practice Book 152(1) provides that "whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted. . .that party may do so by filing a motion to strike the contested pleading or part thereof." See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the [pleading] for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986
(1982). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). "If a count in a complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the causes of action pleaded." (Citations omitted.) Wachtel v. Rosol, 159 Conn. 496,499, 271 A.2d 84 (1970).
In his memoranda of law, Dudley Thomas ("Thomas"), publisher of the Post Publishing Co., argues that the claim of "bad faith breach of contract" directed solely against him in count one of the two complaints is legally insufficient. Thomas claims that an agent of a disclosed principal is not liable for the breach of a contract between the principal and a third party. Therefore, Thomas moves to strike these causes of action against him in count one of the complaints.
In response, the plaintiff argues in his memoranda that he has alleged sufficient facts to support a cause of action of "bad faith breach of contract" against Thomas. Accordingly, the plaintiff urges the court to deny the motions to strike.
The first count in each case combines claims of breach of contract against the Post Publishing Co. and claims of "bad faith breach of contract" against Thomas. The motions to strike count CT Page 3323 one are addressed only to the allegations of "bad faith breach of contract." Accordingly, the court must deny the motions to strike as the defendant fails to demonstrate that count one, in its entirety, is legally insufficient in either case.
FREEDMAN, J.