[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, an insurance broker, initiated this action against the estate of Raymond Currier, Jr. ("decedent") and the executrix of the estate, Judith Currier, in order to collect a debt on a personal guaranty allegedly executed by the decedent in favor of the plaintiff. The complaint alleges that the decedent executed a personal guaranty for several debts due to the plaintiff. These debts were allegedly for insurance premiums owed by the decedent personally and by several corporations in which the decedent had an interest.
The defendant filed an answer and six special defenses which were revised in response to the plaintiff's request to revise. The plaintiff then simultaneously filed a reply to the first, third, fourth, and fifth special defenses and a motion to strike the second and sixth special defenses. The defendant has objected only to the motion to strike the second special defense and at oral argument conceded to the granting of the motion to strike the sixth special defense.
A motion to strike may be used to challenge the legal sufficiency of a special defense. Practice Book § 152(5); see Krasnow v. Christensen, 40 Conn. Sup. 287, 492 A.2d 850
(1985). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). In ruling on a motion to strike, the court must construe all well pleaded facts in the manner most favorable to the nonmovant. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action or defenses. SeeD'Ulisse-Cupo v. Board of Directors of Notre Dame High School, CT Page 8205202 Conn. 206, 218-19, 520 A.2d 217 (1987).
As noted above, the plaintiff simultaneously filed a motion to strike the second and sixth special defenses and a reply to the remaining special defenses.
 Practice Book 112, which provides for the order of pleadings after the complaint has been filed, specifically provides that the plaintiff's motion to strike a defendant's answer [including any special defenses] shall be filed before the plaintiff's reply to any special defenses. A party which files the pleadings in the inverse order is deemed to have waived the filing of the motion to strike. Practice Book 113.
(Footnotes omitted.) Daley v. Gaitor, 16 Conn. App. 379, 389,547 A.2d 1375 (1988). Practice Book 113 provides the following: "In all cases, when the court does not otherwise order, the filing of any pleading provided for by [Practice Book § 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."
"The very words of § 113, `when the court does not otherwise order' indicate, however, that the court has discretion to allow the filing of pleadings out of order." Sabino v.Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134 (1987) (where defendant simultaneously filed a motion to dismiss and a motion to strike in contravention of the order of pleading under Practice Book § 112, the trial court had discretion under Practice Book § 113 to overlook the filing out of order and consider the merits of the motion to dismiss; see also Willis v.Ultimate Entertainment, Superior Court, Judicial District of New Haven, Docket No. 335743 (March 28, 1994, Hartmere, J.) (court exercised discretion under Practice Book § 113 to address the merits of plaintiff's motion to strike defendant's special defenses when the plaintiff filed a reply to the special defenses after moving to strike the same special defenses).
In the present case, because the plaintiff only replied to several of the defendant's special defenses, and simultaneously moved to strike the remaining special defenses not addressed by the reply, the court exercises its discretion to overlook the simultaneous filing of the pleadings and address the merits of the motion to strike. Sabino v. Ruffolo, supra, CT Page 820619 Conn. App. 404; see also County Fed. Sav. Loan v. Eastern,3 Conn. App. 582, 5894, 491 A.2d 401 (1985) (The "[p]laintiff's reply to, he special defenses precluded it from moving to strike those defenses unless the court otherwise ordered. Practice Book 112, 113." (Emphasis added.)).
The defendant's second special defense alleges that the decedent did not have authority to sign the guaranty for the corporations and that the decedent did not receive any consideration for the execution of the document. The plaintiff, in the motion to strike, argues only that the "[t]he defendant was an individual and the special defenses of ultra vires does not apply." The plaintiff's motion, however, does not address the allegation of failure of consideration in the special defenses. If a count in a complaint or a defense thereto purports to set out more than one cause of action or defense, a motion to strike addressed to the entire count or defense will fail if it does not reach all causes of action or defenses pleaded. Watchelv. Rosol, 159 Conn. 496, 499, 271 A.2d 84 (1970). Accordingly, because the second special defense also alleges a defense of lack of consideration, which is not addressed by the plaintiff's motion to strike, the plaintiff's motion to strike the second special defense is denied.
As noted above, at oral argument, the defendant conceded to the granting of the motion to strike the sixth special defense. Accordingly, the court grants the motion to strike the sixth special defense.
/s/ Sylvester, J. SYLVESTER