[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 13375
Before the court is the defendant Sunrise Produce Co's. motion to strike a complaint which alleges only simple negligence in the defendant's supplying of eggs contaminated with salmonella, and does not allege that it is brought under provisions of the Products Liability Act, § 52-572m et seq. General Statutes § 52-572m defines a product liability claim to include, among other things, "preparation" and "marketing" of any product.
This court is called on to decide whether an egg laid by a hen is a product within the coverage of the product liability act.
The court is also called to determine whether a cause of action alleging harm from consumption of a tainted egg must be brought as a statutory action under the provisions of § 52-572m
of the General Statutes to be a legally sufficient cause of action. The court holds that (1) an egg which is prepared for sale and marketed by a product seller as alleged in the plaintiff's complaint is such a product as to be within the purview of the products liability act, (2) the Product's Liability Act is the exclusive remedy for the kind of product harm pled.
In April 1994, the plaintiff, Bacci's Restaurant, brought this action against the defendant, Sunrise Produce, alleging that in May, 1992, Bacci's bought eggs from Sunrise that were contaminated with salmonella poisoning. Bacci's alleges in its one count complaint that one of its employees ate some of the eggs and became ill. Bacci's further alleges that Sunrise was negligent in failing to properly inspect the eggs for the presence of salmonella bacteria.
Sunrise's motion to strike maintains that Bacci's complaint fails to state an action upon which relief can be granted, because Bacci's did not state a viable cause of action under the Connecticut Product Liability Act, General Statutes § 52-572m
et seq. Sunrise's complaint does not allege it is brought under provisions of § 52-572m of the statutes. Sunrise concedes it is brought on a theory of simple negligence.
General Statutes § 52-572m et seq. provides that a CT Page 13376 statutory product liability action is the exclusive remedy for such claims. An egg, although produced by the hen, must be prepared for sale before being sold. After such preparation and marketing, it is such a product as the general assembly intended to regulate under the products liability law.
The legislature made our product liability act an exclusive remedy for claims falling within its scope. Winslow v.Lewis-Shepard, Inc., 212 Conn. 462, 471. One of the principal purposes of the product liability act is "to protect people from harm caused by defective and hazardous actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation or nondisclosure, whether negligent or innocent." Internal quotation marks omitted. "A product liability claim . . . may be asserted . . . for harm caused by a product." General Statutes § 52-572n. It is the exclusive remedy for such harm. Elliot v. Sears, Roebuck Co., 229 Conn. 500, 504,505; Lynn v. Haybuster Mfg. Inc., 226 Conn. 282, 292. The act is to be constructed broadly. Radia v. Tesco Corp., 11 Conn. App. 396. As between commercial parties, commercial loss is exempted from the definition of "harm caused by a product" for which the Product Liability Act is the exclusive remedy. See General Statutes § 52-572(c) and General Statutes § 52-572n(a). Although the parties have not raised the issue, the court must treat the subject because if the complaint set forth some statutory claim for commercial loss under the Uniform Commercial Code, the complaint could not be struck as legally insufficient.
The complaint nowhere asserts it is being brought under the Uniform Commercial Code as a statutory action, nor does it set forth any reference in the complaint to the UCC as the Rules of Practice would require where one brings a statutory action. The court does not therefore find that exemption applicable.
Eggs tainted with salmonella have previously been ruled within the ambit of the act when prepared in salad form. Wachtelv. Rosol, 159 Conn. 496. One need not dwell upon the various habits of hens to allow that some cleaning, candling and preparation of eggs is necessary prior to their sale. Nor is it necessary to strain the words of the statute to find that this kind of preparation and marketing fits within the broad coverage of the act defining "Product Liability Claim", even when dealing with products of nature. CT Page 13377
For all the reasons set forth, the motion to strike is granted for failure to allege that the claim is brought under the product liability law, and the failure to bring the case as a statutory action under that act.
FLYNN, J.