[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
The plaintiff, Vadim Mejerson, commenced this action against Health Extenders and its directors; Igal and Sandy Staw, and Frank and Carol Weissman, by filing a seven count complaint on December 8, 1994. The plaintiff alleges that in 1991, he and the defendants entered into a joint venture agreement to develop a physical medicine center and other services to individuals and corporations. In furtherance of the joint venture, the plaintiff began operating a pilot physical medicine center program at Health Extenders, facility in Norwalk to determine whether a larger physical medicine center program could successfully be established. The plaintiff alleges that despite the success of the pilot program, the defendants advised him that they were abandoning the venture. The plaintiff further contends that contrary to the defendants' representations, they did not abandon the venture program, but rather hired someone to replace the plaintiff. The plaintiff alleges the following causes of action against the defendants: CT Page 2214 breach of contractual obligations under the joint venture agreement, wrongful and willful conduct, breach of fiduciary duty, wrongful conversion and misappropriation of corporate assets and opportunities pursuant to General Statutes § 52-564, unjust enrichment, tortious interference with joint venture agreement, and a violation of the Connecticut Unfair Trade and Practices Act; General Statutes § 42-110(a).
On January 25, 1995, the defendants filed a motion to strike counts four, six, and seven of the plaintiff's complaint. The motion was granted as to count four, but denied as to counts six and seven, on April 27, 1995, by the court, Nadeau, J. On August 9, 1995, the plaintiff repleaded count four as an amendment to his complaint. On October 13, 1996, the defendants filed an amended motion to strike the amended fourth count of the plaintiff's complaint, accompanied by a memorandum in support of its motion. On November 7, 1995, the plaintiff filed an opposition brief to the defendants' amended motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that count four, alleging the intentional theft, misappropriation and conversion of property of the joint venture business pursuant to General Statutes § 52-564, should be stricken on the grounds that the plaintiff fails to allege the theft of property within the meaning of the statute, and the plaintiff fails to plead that he is the owner or otherwise enjoys a right of possession superior to the defendants with respect to the assets and/or opportunities in question.
The courts are consistent that "[i]f a count in a complaint purports to set out more than one cause of action, a motion to strike addressed to the entire count fails if it does not reach all of the causes of action pleaded." Wachtel v. Rosol, 159 Conn. 496,499, 271 A.2d 84 (1970); Cucuel v. Fayed, Superior Court, Judicial CT Page 2215 District of Fairfield at Bridgeport, Docket No. 315420 (March 28, 1995, Cocco, J.); Capozziello v. Post Publishing Company, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 307141 (March 1, 1994, Freedman, J.); Parkhurst v. Ugolik, Superior Court, Judicial District of Litchfield, Docket No. 052701 (November 13, 1990, Pickett, J.). The defendants' motion to strike the fourth count attacks the sufficiency of the cause of action alleging statutory theft pursuant to General Statutes § 52-564. However, the plaintiff also pleaded a cause of action for conversion and misappropriation in the same count. Since the defendants' motion to strike does not address the allegations for conversion or misappropriation, it must fail. Thus, the defendants' motion to strike the plaintiff's amended fourth count is denied.
RICHARD J. TOBIN, JUDGE