[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 8, 1997
On July 25, 1996, the plaintiff, Sandra Williams, filed this action against the defendant, McDonald's of Torrington. The plaintiff alleges the following facts in her complaint.
On or about October 9, 1995, the plaintiff purchased a hamburger from the defendant for consumption on the restaurant premises. While eating the hamburger, the plaintiff swallowed a hard piece of plastic, which caused the plaintiff to choke. As a result, the plaintiff suffered serious injuries and damages.
In a two count complaint, the plaintiff sets forth a product liability claim pursuant to the Connecticut Product Liability Act, General Statutes § 52-572m et seq.[1] and a negligence claim,[2] respectively.
On October 15, 1996, the defendant filed a motion to strike (#102) counts one and two of the plaintiff's complaint with an accompanying memorandum of law. On January 15, 1997, the plaintiff filed an objection (#106) and memorandum of law in opposition to the motion to strike.
A motion to strike tests "the legal sufficiency of a pleading." R.K Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "In deciding upon a motion to strike . . . a trial court must take the facts to be those CT Page 5037 alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The motion to strike "admits all facts well pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in the original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
A. Count One.
The defendant moves to strike the first count of the complaint on the ground that it is legally insufficient. The defendant argues that the preparation of food by a restaurant is not a "product" for purposes of the product liability statute. The plaintiff contends that the defendant lacks the legal authority for this proposition.
This court is therefore called upon to decide whether a hamburger prepared by a restaurant and sold to a customer is a "product" within the coverage of the product liability statute.
In 1979, Connecticut enacted the Product Liability Act, General Statutes § 52-572m et seq., which is a modified version of the Model Uniform Product Liability Act ("UPLA").Carbone v. Connecticut Light Power Co., 40 Conn. Sup. 120, 122,482 A.2d 722 (1984). "One of the principal purposes of the product liability act is to protect people from harm caused by defective and hazardous actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation or nondisclosure, whether negligent or innocent." Bacci Restaurantv. Sunrise Produce Co., Superior Court, judicial district of Waterbury, Docket No. 120544 (December 8, 1995, Flynn, J.) (15 CONN. L. RPTR. 482), citing General Statutes § 52-572m(b).
Under the product liability act, a "product liability claim" includes "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, CT Page 5038 warnings, instructions, marketing, packaging or labeling of any product." General Statutes § 52-572m(b). "Pursuant to General Statutes § 52-572n(a), however, product liability claims may only be asserted against `product sellers.' Thus, to recover under the PLA, a plaintiff must prove that the defendant was engaged in the business of selling the product . . ." (Citations omitted.) Ferguson v. EBI Medical Systems, Superior Court, judicial district of New London, Docket No. 527663 (August 1, 1995, Hurley, J.) (15 CONN. L. RPTR. 94); see Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805
(1987).
"[N]either the statute nor our appellate courts have yet defined the word `product' for the general purposes of this statutory scheme." Dumitrie v. Fernap, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288824, 11 CONN. L. RPTR. 449 (April 25, 1994, Pittman, J.); see also 22 S. Proc., Pt. 14, 1979 Sess., p. 4645 (while not defining the term "product," the legislature intended the definition to be "all inclusive"). Therefore, the definition of what is a product has been developed entirely by case law. See, e.g. Bobryk v.Lincoln Amusements, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547084 (January 5, 1996. Sheldon, J.) (15 CONN. L. RPTR. 617) (relying on the product liability act's definition of a "product seller," the court determined, for purposes of the product liability act, that a product is "any item, thing or commodity which, upon acquiring its physical existence and identity, through the process of manufacture or otherwise, is put in the stream of commerce either by sale, for use, consumption or resale or by lease or bailment"); Dumitrie v. Fernap, Inc., supra. Superior Court, Docket No. 288824 (adopted the Model Uniform Products Liability Act's definition of a product, as "an object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce") (internal quotation marks omitted); Hines v. JMJConstruction Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506329, 8 CONN. L. RPTR. 232 (January 11, 1993, Miano, J.) (relying on the UCC's definition of a "good" as set forth in General Statutes §2-105 (1), which provides "`goods' [are] . . . all things . . . which are moveable at time of identification).
"Often, the analysis of whether or not an item is a product turns upon whether it should alternatively be classified as a CT Page 5039 service." D. Pope, Connecticut Actions and remedies-Tort Law 2 (1996) § 23:09, p. 23-15. "Once a particular transaction is labeled a `service,' as opposed to a `sale' of a `product,' it is outside the purview of our product liability statute." Zichichiv. Middlesex Memorial Hospital, supra, 204 Conn. 403.
Prior to the enactment of the product liability statute, the Supreme Court decided that for strict product liability purposes, a restaurant is in the business of selling products. Wachtel v.Rosol, 159 Conn. 496, 501, 271 A.2d 84 (1970). In Wachtel v.Rosol, supra. 159 Conn. 496, the plaintiff brought an action in strict product liability alleging he "had been made violently ill by eating an egg salad sandwich" which was "purchased and eaten in the defendant's restaurant." Id., 497-98. The trial court held "that the case law in Connecticut does not, at this time, extend the rule in § 402A of the Restatement (Second) of Torts, volume 2, to food served under the circumstances alleged."Id.,
498-99. Relying on § 402A of the Restatement (Second), the Supreme Court reversed the trial court and held that § 402A "applies to any product in a defective condition unreasonably dangerous to the user or consumer or to his property. We believe that the sandwich in this case falls within the meaning of `any product,' and we note that comment d under § 402A declares that "`[t]he rule stated in this Section is not limited to the sale of food for human consumption, or other products for intimate bodily use, although it would obviously include them.'" (Internal quotation marks omitted.) Id., 501. The court then noted "the trend toward stricter liability in the sale of food" and found "nothing in the many comments under § 402A or in general discussions of the subject of strict tort products liability to persuade us that a cause of action should not lie under the circumstances here involved." Id., 501-02.
Thus, prior to the enactment of the product liability act, food served at a restaurant was a product for purposes of strict product liability claims.
Equally as persuasive, under the Uniform Commercial Code "the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale." (Emphasis added.) General Statutes § 42a-2-314 (1). Comment 5 to § 42a-2-314 states that those cases to the contrary are rejected. CONN. GEN. STAT. ANN. § 42a-2-314 (West 1990).
"This provision was adopted in response to those cases under CT Page 5040 the Uniform Sales Act which had concluded that the provision of food or drink to be consumed on the premises, as in a restaurant, did not constitute a sale within the meaning of that statute. Under the reasoning of those cases a sale of food by a restaurant . . . was not truly a sale of goods but a sale of services attendant upon the sale of food."[3] P. Sherman, Products Liability For the General Practitioner (1981) § 3.13, p. 52. "Apparently the Code drafters wanted to end the age-old battle of whether an innkeeper or a restaurateur sells food or sells services." 1 Williston, Williston on Sales (5th Ed. 1994) § 2-5, p. 30.
This court will follow the ruling as set forth in Wachtel v.Rosol, supra, 159 Conn. 496, and finds that the preparation of food by a restaurant is a product for purposes of the product liability act. In the court's opinion the reasoning advanced by the Wachtel Court is sound as it is based upon § 402A of the Restatement of Torts (Second). See Tombank v. NationalAmusements, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 249246 (April 19, 1996. Silbert, J.) (16 CONN. L. RPTR. 469) ("Connecticut courts have frequently consulted the Restatement (Second) of Torts for guidance after the adoption of our product liability act").
B. Count Two.
The defendant contends that if the court finds that the preparation of food by a restaurant is encompassed under the product liability act, then the court must strike the plaintiff's second count, which sounds in common law negligence. The plaintiff is in agreement.
General Statutes § 52-572n(a) provides, in pertinent part, that "[a] product liability claim . . . shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n(a). "[T]he purpose behind the act is to merge the numerous causes of action and to create one statutory cause of action, embracing the various theories of liability." Utica Mutual Ins. Co. v. Denwat Corp.,778 F. Sup. 592, 596-97 (D.Conn. 1991): see also Lynn v.Haybuster Mfg., Inc., 226 Conn. 282, 292, 627 A.2d 1288 (1993);Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 470, 562 A.2d 517
(1989). "With the consolidation of all product liability claims into a single form of action, the CPLA became the exclusive CT Page 5041 remedy for claims falling within its scope." (Internal quotation marks omitted.) LaMontagne v. E.I. Du Pont De Nemours Co.,41 F.3d 846, 855 (2nd Cir. 1994); see also Winslow v. Lewis-Shepard,Inc., supra, 212 Conn. 471. "Thus, a plaintiff may not assert a cause of action against the seller of a product for harm caused by the product except within the framework of the CPLA."LaMontagne v. E.I. Du Pont De Nemours Co., supra, 41 F.3d 855. "Clearly, however, claims arising beyond the defined scope of the product liability statute may be asserted as common law actions or pursuant to alternative statutory provisions." Palmieri v.Hi-Way Campers, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 349111 (February 28, 1995, Gray, J.) (11 CONN. L. RPTR. 535); see Burkert v. Petrol Plusof Naugauck, Inc., 216 Conn. 65, 73, 579 A.2d 26 (1990) ("the statute does not foreclose common law claims against those who are not product sellers").
The court finds that the preparation of food by a restaurant is a product within the coverage of the product liability statute and therefore the court strikes the second count sounding in common law negligence because the product liability statute provides the exclusive remedy for causes of action falling within its scope.
HALE, J.T.R.