[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #136
On September 19, 1997, the plaintiff, Crystallynn Mcphail, through her mother, Lynn McPhail, filed an amended seventeen-count complaint against the defendants, the City of Ansonia, the Ansonia Board of Education, Ruth Feinberg Connors (the Superintendent of Schools for Ansonia) and Jill Spanier (the principal for Prendergast School). In the complaint, the plaintiff, a student at the Prendergast School in Ansonia, alleges that she was subject to various discriminatory practices committed by the defendants. Among these alleged practices, the plaintiff claims that she was subject to discriminatory language, humiliated by the defendants, suspended numerous times without actual cause, and deprived of the opportunity to attend summer school or another school. In addition, the plaintiff alleges that the defendants retaliated against her when she protested the actions of the defendants.
The plaintiff alleges that the defendants' conduct violates many state and federal laws. Counts one through four are against the defendant, City of Ansonia. The plaintiff alleges in the first count that the actions of the defendant or its agents violates General Statutes §§ 46a-64(a)(1) (2); 42 U.S.C. § 1981,1983; Title IV of the Civil Rights Act of 1964,42 U.S.C. § 2000c-8; the Equal Educational Opportunity Act of 1974, Title II, 20 U.S.C. § 1701-1758; as well as the due process and equal protection clauses of the fourteenth amendment
to the United States constitution. In the second count, the plaintiff alleges that the defendants violated the plaintiff's CT Page 2433 right to a free public education as guaranteed by article first, §§ 1 and 20, and article eighth, § 1, of the constitution of Connecticut. Count three alleges that the failure to provide the plaintiff with an equal education violates the due process clause, article first, §§ 8 and 10, and the equal protection cause, article first, § 20, of the constitution of Connecticut and the plaintiff's rights under 42 U.S.C. § 1983. Count four alleges a breach of contract between the City of Ansonia and the plaintiff. Counts five through eight are addressed to the Ansonia Board of Education and mirror the allegations of counts one through four.
Counts nine through thirteen are addressed to Ruth Feinberg Connors, the superintendent of schools for the City of Ansonia. Count nine alleges that the defendant's actions are in violation of General Statutes §§ 46a-64(a)(1) and (2), 45a-58(a) and10-15c. Count ten alleges that the defendant deprived the plaintiff of a free public education as guaranteed in the state constitution; count eleven alleges that such conduct is violative of the due process and equal protection clauses of the state constitution. Count twelve sounds in breach of contract and count thirteen alleges that the defendant's actions intentionally or negligently caused the plaintiff emotional distress. Counts fourteen through seventeen are addressed to Jill Spanier, the principal of Prendergast School. While the allegations as to Jill Spanier allege some new facts, these counts reiterate the same causes of action as counts nine through twelve.
On April 13, 1998, the defendants Ansonia Board of Education, Ruth Feinberg Connors and Jill Spanier (hereinafter "the defendants") filed a motion to strike counts five, six, seven, nine, ten, eleven, thirteen, fourteen, fifteen and sixteen. The plaintiff filed an objection to the motion to strike these counts and a memorandum in support of his objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). CT Page 2434
The defendants move to strike on the following grounds: 1) counts five, nine and fourteen should be stricken because there is no private cause of action for violations of §§ 46a-58,46a-64 and 10-15c and 42 U.S.C. § 2000 et seq.; 2) even if counts five, nine and fourteen are viable actions under §46a-100, they are still legally insufficient due to the plaintiff's failure to comply with the appropriate statute of limitations; 3) the plaintiff's claims of violation of 20 U.S.C. § 1701, et. seq. (count five) and the due process clauses of the United States and Connecticut constitutions (counts five, seven, eleven and sixteen) should be stricken because the plaintiff fails to state a claim upon which relief can be granted; 4) counts six, seven, ten, eleven, fifteen and sixteen should be stricken since there is no cause of action providing monetary relief for rights guaranteed under the due process and equal protection clauses of the United States and Connecticut constitutions and since the plaintiff fails to state a claim upon which relief may be granted; and 5) count thirteen is legally insufficient because the defendants' alleged conduct was not "extreme and outrageous" as a matter of law.
The plaintiff objects to the motion to strike and argues that she has sufficiently alleged causes of action in each of the counts the defendants seek to strike. The court will address each count in turn.
I. The Fifth Count
In the fifth count, the plaintiff alleges specific instances where Lynn Casini, the plaintiff's teacher, subjected the plaintiff to racial and derogatory language. Furthermore, the plaintiff alleges that the she was "unjustly, repeatedly and systematically suspended" particularly after the plaintiff's mother contacted the Ansonia Board of Education in regards to certain statements by Principal Spanier. The plaintiff also alleges that the defendants retaliated by reporting her mother to the Department of Children and Youth Services (DCYS) for the physical neglect of her daughter. According to the complaint, the defendants also used pretexts to deny the plaintiff admission to summer school and a transfer to another school.
Based on these factual allegations, the plaintiff alleges that the defendants discriminated against her in violation of Connecticut General Statutes §§ 46a-64(a)(1) (2) and federal CT Page 2435 laws prohibiting illegal discrimination including 42 U.S.C. § 1983
and the due process and equal protection clauses of thefourteenth amendment to the United States constitution.
The defendants move to strike the fifth count on the grounds that the statutes alleged by the plaintiff do not provide a private cause of action and that the plaintiff fails to state a claim upon which relief maybe granted.[1] In the alternative, the defendants move to strike the fifth count on the ground that the plaintiff has failed to comply with the appropriate statute of limitations.
General Statutes § 46a-64(a)(1) prohibits the denial of any public accommodation on the basis of race, creed, color, origin, ancestry, sex, marital status, age, lawful source of income and mental or physical disabilities. General Statute §46a-64(a)(2) prohibits discrimination, segregation or separation based on similar criteria. These statutes, however, have been found to be penal in nature and not to afford a private cause of action. See Wright v. City of Hartford, Superior Court, judicial district of Hartford, Docket No. 570863 (February 12, 1998, Devlin, J.).
The argument in Wright is persuasive. The legislature has in many instances provided express language creating a private cause of action. See Brewer v. Wilcox Trucking, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 479546 (September 26, 1997, Stengel, J.)("[p]rivate causes of action under our antidiscrimination statutes are provided in only limited circumstances such as General Statutes 46a-98 . . .46a-99 . . . 46a-100"). The statutes that the plaintiff alleges do not contain such express terms and should not expanded by the court.
Moreover, the fact that the plaintiffs obtained a letter of release from the CHRO does not create a private cause of action for the plaintiffs. Wright v. City of Hartford, supra, Superior Court, Docket No. 570863. An agency cannot expand the scope of the interests the legislature intended to protect. See VisitingNurse Services v. Office of Health Care, Superior Court, judicial district Fairfield at Bridgeport, Docket No. 32548S (January 30, 1996, Thim, J.) (16 C.L.R. 128).
The court, accordingly, finds that the plaintiff's causes of action under §§ 46a-64(a)(1) (2) do not provide a private CT Page 2436 cause of action and are appropriately subject to a motion to strike.
The fifth count, however, also contains an allegation that the actions of the defendants illegally discriminated against the plaintiff in violation of 42 U.S.C. § 1983 as well as the due process and equal protection clauses of the state and federal constitutions. The defendants seek to strike these causes of action on the ground that they fail to state a claim upon which relief can be granted. Though the defendants address the due process grounds in their motion to strike, the defendants have not discussed or addressed how the plaintiff's cause of action fails to state a claim under 42 U.S.C. § 1983 or under the equal protection clause.[2]
"If a count in the complaint purports to set out more than one cause of action, a [motion to strike] addressed to the entire count fails if it does not reach all of the causes of action pleaded." Watchel v. Rosol, 159 Conn. 496, 499, 271 A.2d 84
(1970). As the defendants' sole mention of 42 U.S.C. § 1983
is in a footnote in the memorandum in support of the motion to strike, the defendants have inadequately addressed the plaintiff's § 1983 cause of action. Moreover, the defendants have failed to address the plaintiff's equal protection claim. Thus the motion to strike the fifth count should be denied in its entirety. "Where as here two causes of action are combined in the same count, both will survive even though one might not otherwise state a cause of action if it had been pleaded in a separate count." Bouchette v. Mercedes Benz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150339 (February 6, 1997, Ryan, J.). See Rowe v. Godou, 209 Conn. 273,279, 550 A.2d 1073 (1988).
The fifth count, accordingly, survives the motion to strike.
II. The Sixth Count
In the sixth count, the plaintiff alleges that she was discriminated against by the defendants in violation of §§46a-64(a)(1) (2), 46a-58(a) and 10-15c. As a result of this discrimination, the plaintiff alleges that she was deprived of a free public education as guaranteed by the constitution of Connecticut, article first, §§ 1 20, and article eighth, § 1. CT Page 2437
The defendants move to strike the sixth count on the ground that there is no cause of action for monetary relief under the Connecticut constitution and that, furthermore, the plaintiff fails to state a claim upon which relief may be granted under the due process clause of the state and federal constitutions.
The plaintiff objects and argues that she has not specified monetary damages in relation to this particular count. The plaintiff argues that she is entitled to declaratory and injunctive relief as she has pleaded an appropriate cause of action under the state constitution.
In Kelley Property Development, Inc. v. Town of Lebanon,226 Conn. 314, 333, 627 A.2d 909 (1993), the Supreme Court held that there was no private cause of action for monetary damages for violation of a state constitutional right. Citing to Kelley, the superior court has held that a cause of action for monetary damages does not exist under the state constitution. See Czap v.Town of Newtown, Superior Court, judicial district of Danbury, Docket No. 322425 (December 12, 1996, Moraghan, J.); Tremblay v.Webster, Superior Court, judicial district of New London at New London, Docket No. 530898 (March 1, 1996, Hendel, J.).
Recently, however, the Supreme Court reexamined the issue discussed in Kelley and elaborated on the pronouncements made therein. In Binette v. Sabo, 244 Conn. 23, 48, 710 A.2d 688
(1998), the court found that under the facts of the case, a cause of action for damages under article first, §§ 7 and 9, was permissible. Accordingly, the Binette court held that "[w]hether to recognize a cause of action for alleged violations of other state constitutional provisions in the future must be determined on a case-by-case basis. As in the present case, that determination will be based upon a multifactor analysis. The factors to be considered include: the nature of the constitutional provision at issue; the nature of the purported constitutional conduct; the nature of the harm; separation of powers considerations and other factors articulated in [Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics,403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] and its progeny; the concerns expressed in Kelley Property Development, Inc.; and other pertinent factors brought to light by future litigation."Binnette v. Sabo, supra, 244 Conn. 48.
The court need not perform Binnette's elaborate analysis at this time. The constitution of Connecticut, article eighth, § CT Page 2438 1, provides a fundamental right to an elementary and secondary education that is to be equally enjoyed by all pupils in the public schools. Horton v. Meskill, 172 Conn. 615, 648,376 A.2d 359 (1977). In addition to monetary damages, the plaintiff's prayer for relief seeks declaratory and injunctive relief. Both of these types of relief have been found to be appropriate in causes of action brought under article eighth, § 1, of the Connecticut constitution. See Sheff v. O'Neil, 238 Conn. 1,678 A.2d 1267 (1996); Horton v. Meskill, supra, 172 Conn. 615.
The principle that a motion to strike that attacks the entire pleading will fail if any part of that pleading is sufficient applies to the prayer for relief as well. See Glaser RealtyAssociates v. Joshua Morris Publishers, Superior Court, judicial district of Danbury at Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.). Furthermore, in her prayer for relief, the plaintiff does not specify which type of relief is being sought with respect to each individual count. Thus, the plaintiff's claim for monetary damages is not limited to the sixth count, but may very well be related to another count or even another defendant. Maier v. Tracy, Superior Court, judicial district of Danbury at Danbury, Docket No. 301766 (August 25, 1992, Fuller, J.). Similarly, the plaintiff's claim for declaratory or injunctive relief may be related to the sixth count.
The motion to strike the sixth count, accordingly, is denied.
III. The Seventh Count
In the seventh count, the plaintiff alleges that the defendants discriminated against the plaintiff through repeated suspensions and adverse treatment and that, furthermore, the defendants retaliated against the plaintiff by causing her to be prosecuted in juvenile court. As a result, the plaintiff claims that the defendants failed to provide the plaintiff with equal educational opportunities in violation of the due process and equal protection clauses of both the state and federal constitutions and the plaintiff's rights under 42 U.S.C. § 1983.
The defendants move to strike the seventh count on the ground that the plaintiff fails to state a claim upon which relief may be granted under either the state or federal constitutions. The defendants also move to strike the seventh count on the ground that there is no cause of action providing monetary relief for rights guaranteed by the due process and equal protection clauses CT Page 2439 of the Connecticut constitution.
 A. Due Process
The Connecticut Supreme Court has stated that the due process language of the Connecticut constitution is to be given the same effect as the fourteenth amendment to the federal constitution. See Lee v. Board of Education, 181 Conn. 69, 71-72, 434 A.2d 333
(1980). The property interests protected by the due process clause are diverse and may take many forms. Board of Regents ofState Colleges v. Roth, 408 U.S. 564, 576, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972).
"Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. . . . Instead, due process is a flexible principle that calls for such procedural protections as the particular situation demands. . . ." (Citations omitted; internal quotations omitted.) Lee v. Board of Education, supra, 181 Conn. 73.
Even construing the seventh count in a manner most favorable to the plaintiff, it is unclear as to what property right the plaintiffs has loss. At most, the plaintiff alleges that the loss of a protected right occurred through either "repeated suspensions" or through the plaintiff's ultimate prosecution in juvenile court.
Under the due process clause, a student may not be deprived of a property right in his education, by way of suspension or expulsion, without notice or hearing. Goss v. Lopez,419 U.S. 565, 95 S Ct 729 42 L.Ed.2d 725 (1975). In the case of suspension, however, it is not necessary that a formal evidentiary hearing be held. Rather, due process is satisfied if the student is given oral or written notice of the charges against him, is presented with the evidence as to these charges and has an opportunity to present his version of the events. Id., 581.
Student suspensions are addressed in General Statutes §10-233c. Under the provisions of General Statutes § 10-233c, an informal hearing adequately protects the due process rights of a student. Situations where a formal hearing is required exist only if the student is suspended more than ten times or a total of fifty days in one school year; General Statutes § 10-233c; CT Page 2440 or if the student is to be expelled from school. General Statutes § 10-233d.
In the present case, the plaintiff has failed to allege any facts showing that she was entitled to either a formal hearing or that she was denied the informal hearings as required by due process. Rather, the plaintiff's allegations are conclusory and vague and do not present a valid claim for violation of due process. The same can be said for any allegation that the plaintiff's due process was violated by ultimately being prosecuted in juvenile court. The plaintiff alleges mere conclusions of law that are unsupported by any facts alleged and thus are properly subject to a motion to strike. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
 B. Equal Protection Clause
As with the due process clause, the equal protection provisions of the federal and state constitutions have the same meaning and limitations. Zapata v. Burns, 207 Conn. 496, 504,542 A.2d 700 (1988). In the seventh count, the plaintiff alleges that the failure to provide the plaintiff with the equal education opportunities she is entitled to violates the equal protection clauses.
The defendants, however, have neither moved to strike those portions of the seventh count relating to the plaintiff's equal protection claim nor discussed these claims in any context. As discussed in relation to the fifth count, a motion to strike the entire count will fail if it does not reach all of the causes of action pleaded. The seventh count, accordingly, survives the motion to strike and, therefore, the defendants' motion to strike the seventh count is denied.[3]
IV. The Ninth and Fourteenth Counts
In the ninth and fourteenth counts, the plaintiff alleges that she was subject to racist language, suspended without cause, wrongfully accused of having disciplinary problems and retaliated against when she complained of her treatment. The plaintiff alleges that such conduct is in violation of General Statutes §§ 46a-64(a)(1) (2); 46a-58(a) and 10-15c, which prohibit illegal discrimination. CT Page 2441
As discussed in relation to the fifth count, §§ 46a-64(a) (1) (2) do not provide for a private cause of action. The court, however, must examine whether a private cause of action exists for either §§ 46a-58(a) or 10-15c.
General Statutes § 46a-58(a) provides, in pertinent part: "It shall be a discriminatory practice in violation of this section for any person to subject, or cause to be subject, any other person to the deprivation of any rights, privileges or immunities, secured or protected by the constitution or laws of this state or the United States, on account of . . . race. . . ."
"Jurisdiction for this statute is contained exclusively with the CHRO. According to General Statutes § 46a-82(a) `Any person claiming to be aggrieved by an alleged discriminatory practice . . . may . . . make, sign and file with the commission a complaint in writing under oath . . . which shall set forth the particulars thereof . . .' A `discriminatory practice' is defined in General Statutes § 46a-51 (8) to include a violation of General Statutes § 46a-58. . . . As our Supreme Court has observed in connection with a related statute, General Statute § 46a-60, the CHRO has exclusive jurisdiction over this provision. Sullivan v. Bd. of Police Commissioners, 196 Conn. 208
(1985)." Flanagan v. State C.H.R.O., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 563942 (January 30, 1997, Allen, S.T.R.).
"Private causes of action under our antidiscrimination statutes are provided in only relatively limited circumstances such as General Statutes § 46a-98 (credit discrimination); § 46a-98(a) (housing discrimination or breach of conciliation agreement); § 46a-99 (violation of certain statutes, not including § 46a-58, by state agencies); § 46a-100
(certain employment discrimination claims where complaint filed with CHRO has not been resolved after the passage of 210 days). However, a complaint based on General Statutes § 46a-58 is not one of them." Flanagan v. State C.H.R.O, supra, Superior Court, Docket No. 563942.
Thus, the CHRO has exclusive jurisdiction over General Statutes § 46a-58 and there is no private cause of action for a violation of General Statutes § 46a-58. See Flanagan v.State C.H.R.O., supra, Superior Court, Docket No. 563942. See also Brewer v. Wilcox Trucking, supra, Superior Court, Docket No. 479546. Moreover, the fact that the plaintiffs obtained a letter CT Page 2442 of release from the CHRO does not create a private cause of action for the plaintiffs. Wright v. City of Hartford, supra, Superior Court, Docket No. 570863. An agency cannot expand the scope of the interests the legislature intended to protect. SeeVisiting Nurse Services v. Office of Health Care, Superior Court, judicial district Fairfield at Bridgeport, Docket No. 325485 (January 30, 1996, Thim, J.) (16 C.L.R. 128).
Connecticut General Statutes § 10-15c provides, in relevant part: "[E]ach . . . child shall have . . . an equal opportunity to participate in the activities, programs, and courses of study . . . without discrimination on account of race, color, sex, religion, or national origin. . . ."
Recently, the United States District Court for Connecticut, in Price v. Wilton Public School District, 97 CV 02218 (AVC), (D. Conn. September 23, 1998), addressed whether a private cause of action exists for § 10-15c. Applying the four part test of whether an implied private cause of action exists as stated inCort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) and adopted by Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 250, 680 A.2d 127, U.S. cert. denied,___ U.S. ___, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1996), the Price court found that there was no private cause of action under §10-15c as that statute is to be enforced specifically by the State Board of Education pursuant to § 10-4b.
The analysis of the Price court is well-reasoned and persuasive. This court, accordingly, should find that §10-15c does not provide for a private cause of action.
As no private cause of action exists under §§ 46a-64a(1) 
(2); 10-15c or 46a-58, the motion to strike the ninth and fourteenth counts is granted.
V. The Tenth Fifteenth Counts
In the tenth and fifteenth counts, the plaintiff alleges that the defendants' discriminatory actions against the plaintiff resulted in the defendant's failing to provide the plaintiff a free education as required by article first, §§ 1 and 20, and article eighth, § 1, of the Connecticut constitution. The defendants move to strike these claims on the ground that there is no monetary relief available for such claims. As discussed in relation to the sixth count, the plaintiff may bring an action CT Page 2443 under article eighth, § 1, for injunctive and declaratory relief.
The motion to strike the tenth and fifteenth count, accordingly, is denied.
VI. The Eleventh Count
In the eleventh count, the plaintiff alleges that the failure to provide the plaintiff with equal education opportunities to which she is entitled to violates the due process and equal protection clauses of the Connecticut constitution. The defendants have addressed the due process arguments, but have failed to address the equal protection claim.
As discussed in relation to the fifth and seventh counts, the defendants failure to address the equal protection argument allows the eleventh count to survive the motion to strike regardless of whether the separate causes of action in that count would have survived a motion to strike if they were set forth individually.
The motion to strike the eleventh count, accordingly, is denied.
VII. The Thirteenth Count
In the thirteenth count, the plaintiff alleges that she was subject to discrimination, suspensions and adverse treatment while trying to pursue a public education. The plaintiff further alleges that the defendant Feinberg retaliated against the plaintiff and caused her to be prosecuted in the Waterbury Juvenile Court for alleged habitual truancy. As a result, the plaintiff alleges that she was subject to unlawful harassment under General Statutes § 53a-183. Furthermore, the plaintiff alleges that the defendant's action subjected her to intentional or negligent infliction of emotional distress.
The defendants move to strike the thirteenth count on the ground that the plaintiff's allegations, as a matter of law, are insufficient to maintain a cause of action based on intentional infliction of emotional distress.
"In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional CT Page 2444 distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Citations omitted; internal quotations marks omitted.) Peytan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337 (1986). The alleged conduct must exceed all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991). Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for the court. Mellaly v. Eastman Kodak Co.,42 Conn. Sup. 17, 18, 597 A.2d 846 (1991).
In the present case, the plaintiff has failed to allege any conduct which can be considered "extreme and outrageous." Contrary to the assertions of the plaintiff in her objection to the defendants' motion to strike dated December 16, 1998, the plaintiff's thirteenth count does not contain factual allegations from previous counts that include examples of derogatory or discriminatory language. As pleaded, the thirteenth count states that the defendants' retaliated against the plaintiff by causing the plaintiff to be prosecuted in juvenile court for truancy.
In cases of truancy, General Statutes § 10-198a requires that the superintendent of schools, once certain criteria are met, file a written complaint with the Superior Court pursuant to § 46b-149. A course of action necessitated by law can hardly be said to be "extreme and outrageous" and does not constitute conduct which exceeds all bounds tolerated by society. See Meehanv. Yale New Haven Hospital, Superior Court, judicial district of Fairfieid at Bridgeport, Docket No. 320418 (March 12, 1996, Hartmere, J.).
Since the plaintiff has failed to allege any conduct on the part of the defendants that is to be considered extreme and outrageous, the thirteenth count does not, as a matter of law, state a claim based on the intentional infliction of emotional distress.
The plaintiff, however, has also alleged that she has CT Page 2445 suffered negligent infliction of emotional distress. The defendants have not addressed this cause of action in their motion to strike. As a result, the eleventh count survives the motion to strike.
VIII. The Sixteenth Count
In the sixteenth count, the plaintiff alleges that the defendant Spanier's failure to provide the plaintiff with equal education opportunities to which she is entitled to violates the due process clause of the Connecticut constitution.
As discussed above in the context of the seventh count, the plaintiff has not sufficiently alleged a violation of due process on the part of the defendant. Moreover, the sixteenth count is void of any factual allegations (such as the suspensions discussed in the seventh count) that might provide the factual basis for a due process violation.
The sixteenth count, accordingly, is legally insufficient. The motion to strike the sixteenth count is, therefore, be granted.
 CONCLUSION
The defendants' motion to strike is denied as to the fifth, sixth, seventh, tenth, eleventh, thirteenth and fifteenth counts.
The defendants' motion to strike is granted as to the ninth, fourteenth and sixteenth counts.
Thompson, J.